# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 3, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KIM BOWLES,**
**Claimant Below, Petitioner**

vs.)    **No. 18-0797** (BOR Appeal No. 2052542)
                        (Claim No. 2017018968)

**WEST VIRGINIA OFFICE OF**
**THE INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**PINE RIDGE COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kim Bowles, by Counsel John H. Shumate Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of the Insurance Commissioner, by Counsel Henry C. Bowen, filed a timely response.

The issue presented in this case is the compensability of the claim for carpal tunnel syndrome. The claims administrator rejected the claim for the occupational disease on July 7, 2017. The West Virginia Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision in an Order dated February 6, 2018. This appeal arises from the Board of Review's Final Order of August 17, 2018, in which the Board affirmed the decision of the Office of Judges.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Bowles worked as a coal miner for many years, the last five of which was as a fire boss for Pine Ridge Coal Company, LLC.[1] He last worked for Pine Ridge Coal on February 3, 2012. On August 9, 2016, he was evaluated by Syed A. Zahir, M.D., due to pain and numbness in both of his hands. Dr. Zahir diagnosed Mr. Bowles with bilateral carpal tunnel syndrome. An EMG report from Barry K. Vaught, M.D., with Vaught Neurological Services, PLLC, dated October 17, 2016, revealed electrophysiological evidence of mild bilateral median mononeuropathy at the wrist, consistent with carpal tunnel syndrome. Mr. Bowles completed an application for workers' compensation benefits for carpal tunnel syndrome on December 27, 2016. He alleged that he developed the disease due to his performance of repetitive wrist motions during his employment. Dr. Zahir completed the physician's section of the form and checked the box indicating that his carpal tunnel condition was an occupational disease.

The claims administrator referred Mr. Bowles for an independent medical evaluation with Prasadaro B. Mukkamala, M.D., on June 6, 2017. In his report, Dr. Mukkamala reviewed Mr. Bowles's work history and medical history. At the time of the evaluation, Mr. Bowles complained of tingling and numbness in both hands and stated that he had been experiencing symptoms for many years. He also reported that his symptoms had increased over the last three or four years. Dr. Mukkamala was not conclusive whether a diagnosis of carpal tunnel syndrome had been established. However, Dr. Mukkamala opined that Mr. Bowles had two nonoccupational risk factors that could cause the disease, in-diabetes mellitus and obesity. Dr. Mukkamala also noted that Mr. Bowles ceased his employment in 2012 and, in his opinion, his work activities were not occupational-risk factors for the development of carpal tunnel syndrome.

The claims administrator rejected the application for benefits on July 7, 2017. In its Order, the claims administrator stated that the claim was rejected based upon several factors. First, the claims administrator stated,

> [o]ffice notes from Dr. Zahir dated August 9, 2017, describe the onset of your symptoms, bilateral pain and numbness of your hands, was a couple of months prior, with problems for the past year or so. This places the onset of your symptoms during 2015. You stopped working in 2012, with symptoms developing three years later.

Second, the claims administrator stated, "[y]ou possess two significant non-occupational risk factors for the development of carpal tunnel syndrome, diabetes mellitus and excess weight." Finally, the claims administrator relied upon the opinion of Dr. Mukkamala and his June 6, 2017, independent medical evaluation report which documented significant nonoccupational risk factors for development of carpal tunnel syndrome in the form of diabetes mellitus and excess weight. He protested the rejection of his claim.

---

[1] Pine Ridge Coal Company, LLC, is a subsidiary of Patriot Coal Corporation. Patriot Coal was an authorized self-insured employer pursuant to West Virginia Code § 23-2-9 (2018). The company did not emerge from bankruptcy in 2015 and its secured liabilities are administered by the West Virginia Office of the Insurance Commissioner as administrator of the Self-Insured Employer Guaranty Risk Pool.

In support of his protest, Mr. Bowles testified at a November 28, 2017, evidentiary hearing that he last worked on February 3, 2012, and he did not seek medical attention until 2015. He also testified that he had difficulties with his hands while he was working for the employer, but he has developed additional problems since he ceased working for the employer. In support of the claims administrator's decision, the employer submitted progress notes from Samar Sankari, M.D., of SFH Professional Endocrinology Associates, indicating that Mr. Bowles has been managing his diabetes since 1998. The progress notes also show that Dr. Sankari questioned Mr. Bowles about any additional complaints at the time of evaluation and Mr. Bowles responded that he had no particular complaints. He denied numbness, tingling, and pain.

In the February 6, 2018, decision of the Office of Judges, the claims administrator's rejection of the claim was affirmed. The Office of Judges concluded that the evidence shows that it is more likely than not that Mr. Bowles's carpal tunnel syndrome is not related to his occupation. The Office of Judges noted that Mr. Bowles ceased his employment with Pine Ridge Coal in 2012, and he was not diagnosed until three years later. The Office of Judges also noted that Dr. Mukkamala was of the opinion that if Mr. Bowles had carpal tunnel syndrome, he did not develop the disease as a result of his occupational activities. Dr. Mukkamala found that Mr. Bowles has significant risk factors for developing carpal tunnel syndrome, which included diabetes and obesity. The Board of Review adopted the findings and conclusions of the Office of Judges and affirmed the decision in an Order dated August 17, 2018.

After review, we agree with the findings of fact and conclusions of law of the Office of Judges, as affirmed by the Board of Review. Mr. Bowles has failed to establish that he suffers from work-related carpal tunnel syndrome. Although Mr. Bowles presented evidence of a diagnosis of carpal tunnel syndrome by Dr. Zahir, the only opinion as to causation within the record is from Dr. Mukkamala, who opined that the carpal tunnel syndrome was not causally related to Mr. Bowles's occupational activities. Instead, Dr. Mukkamala was of the opinion that Mr. Bowles has two important and significant nonoccupational risk factors for the development of carpal tunnel syndrome, diabetes mellitus and obesity. The fact that Mr. Bowles ceased work in 2012 and experienced increased symptoms for three to four years before filing for benefits is consistent with Dr. Mukkamala's opinion. The record supports the decision of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 3, 2019**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison